Filed 9/29/25  P. v. Melvin CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DALE MELVIN,<br><br>     Defendant and Appellant. | A171777<br><br>(City and County of San Francisco<br>Super. Ct. No. 24008661) |

Defendant Dale Melvin appeals from a judgment of conviction and sentence imposed after a jury found him guilty of possessing methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  His attorney filed a brief seeking our independent review of the appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine whether there is an arguable issue on appeal.  We find no arguable issue and affirm.

## I.  FACTS AND PROCEDURAL HISTORY

An Information charged Melvin with felony possession of a controlled substance for sale (Health & Saf. Code, § 11378) while he was out on bail in three other cases (Pen. Code, § 12022.1, subd. (b)).  The matter proceeded to a jury trial.

1

A.  <u>Evidence at Trial</u>

1.  <u>Prosecution Evidence</u>

On the evening of May 10, 2024, San Francisco Police Officer Salas was on patrol with his partner.  He observed Melvin riding a bicycle without lights, proceeding against traffic on 17th Street toward Treat Street at approximately 11:32 p.m.  Salas reported that Melvin was wearing a 49ers hat and a "red jacket" with a logo on the back.  Using his loudspeaker, Salas directed Melvin to stop while flashing the lights on his patrol vehicle but Melvin did not stop.  The officers lost sight of him in the area of 18th and Shotwell streets for approximately 10 to 15 minutes.

A cashier at the City Smoke Shop in San Francisco saw Melvin riding a bicycle before parking it at the shop around 11:30 p.m. that evening.  Melvin was wearing a hooded sweatshirt.  He went into the back room of the shop, walked out approximately one minute later without the sweatshirt, and rode away.  He later returned on the bicycle and parked it in front of the shop as he entered.  After leaving the shop, he looked in all directions and then walked toward Valencia Street.

Police officers were contacted about the bicycle that was left at the smoke shop.  They arrived at the shop shortly thereafter and took the bicycle.  Officer Salas found a 49ers hat and a "red jacket" inside the back room.  Inside the jacket, Salas found 8.3 grams of methamphetamine divided among 18 baggies.

Meanwhile, San Francisco Police Officer Cubas observed Melvin leave the bicycle at the smoke shop and walk westbound on 18th Street.  Cubas contacted Melvin at 19th and San Carlos streets.  He was wearing a red shirt, green sweatpants, and white tennis shoes.  Officer Salas arrived at 19th and

San Carlos streets and identified Melvin as the person he saw riding a bicycle on Treat Street.

Pursuant to the parties' stipulation, the jury was read the following about a prior contact between Melvin and law enforcement. "The People and defendant stipulate that if called to testify at trial, Officer Constantine Zachos, STAR No. 1049, would testify as follows: [¶] On February 13th, 2024, at approximately 11:20 a.m., Officer Zachos [w]as conducting a narcotics investigation in the area of 25th [Street] and Virgil [Alley,] [d]ue to complaints regarding [il]licit narcotic sales activity and use. [¶] Officer Zachos observed an individual, later identified as [Melvin] in the Virgil Alley smoking from a glass narcotic pipe. [¶] Officer Zachos recognize[d] activity consistent with the smoking of a controlled substance, based on his training and experience in narcotic activity. [¶] Officer Zachos maneuvered the marked police vehicle and exited the marked police vehicle and placed . . . Melvin under arrest for the stated violation. [¶] Officer Zachos conducted a search incident to . . . Melvin's arrest and recovered a black plastic bindle containing methamphetamine from Melvin's right-front pants pocket. [¶] Officer Zachos recognized the methamphetamine, based on his training and experience in narcotics activity. [¶] Officer Zachos also recovered a narcotic pipe from . . . Melvin's right pants pocket. [¶] Officer Zachos observed the following objective symptoms on Melvin. [¶] Melvin was agitated and nervous. [¶] Officer Zachos checked Melvin's pulse, which was 124 BPM, well above the normal DRE range [of] 60 to 90 BMW. [¶] Officer Zachos checked Melvin for HGN, horizontal gaze nystagmus, VGN, vertical gaze nystagmus, and LOC, lack of convergence. [¶] Melvin had HGN, lack of smooth pursuit, nystagmus at the maximum deviation, and an angle of onset prior to 45 degrees, 30 degrees in both eyes. [¶] Melvin had a lack convergence when his

3

right eye failed to converge. [¶] Officer Zachos had Melvin conduct the modified Romberg and he observed Melvin's eyelids fluttering during the test. [¶] Officer Zachos did not detect any odor of alcohol on . . . Melvin's breath or clothing. [¶] Officer Zachos determined . . . Melvin was under the influence of a controlled substance. [¶] Officer Zachos booked the narcotic pipe at Mission Station. [¶] The People and defense stipulate that the narcotics seized by Officer Zachos was methamphetamine and had a weight of 2.6 grams gross. [¶] The People and defense stipulate that Officer Zachos is a certified DRE Drug Recognition Expert."

### 2. Defense Evidence

Melvin testified that he was 27 years old, grew up in a household where drugs were heavily present, and "bounced around" between his parents' homes and foster care. He used drugs since he was 11 years old when he began smoking marijuana. When he was 14 years old, he started using methamphetamine regularly. Since that time until the incident in May 2024, he continued to use methamphetamine. He believed it made him alert and focused and helped him cope with anxiety, sadness, and other negative feelings. He purchased methamphetamine in bulk every week for $40–$80.

Melvin further testified that, on the date of the incident, he was riding home on his bicycle after purchasing drugs on 16th and Shotwell streets. He spent approximately $40, which ordinarily fetches one or two "eightball[s]" depending on the dealer. This time, the dealer gave him a handful of baggies of drugs. As he rode on Treat Street, he saw a police car and heard, "Police, stop." But he kept riding because he had drugs in his jacket and did not want to get in trouble. He became tired and stopped at the smoke shop, where he left his bicycle and jacket. The drugs were for his own use.

4

B.  <u>Verdict and Sentence</u>

The jury returned a verdict of not guilty of possessing a controlled substance for sale but guilty of the lesser included offense of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)).

The trial court sentenced Melvin in October 2024.  Melvin did not request probation in light of the court's indicated sentence and his pursuit of mental health diversion through drug court.  The court therefore denied probation and sentenced Melvin on the Health and Safety Code section 11377, subdivision (a), conviction to 164 days in custody, which was time already served.  The court ordered Melvin to pay $150 as a restitution fine, a $40 court security fee, and a $30 critical needs assessment fee.  It then permanently stayed those fines and fees on the ground that the community was better served by having Melvin complete drug treatment.  Melvin timely appealed.

## II.  <u>DISCUSSION</u>

In a declaration accompanying the opening brief in this appeal, Melvin's appellate counsel represented that counsel wrote to Melvin and informed him of counsel's intention to file a "*Wende* brief" and of his right to personally file a supplemental brief within 30 days.  The time to file a supplemental brief has expired, and Melvin did not file one.

There are no arguable issues.  No further briefing is required.

## III.  <u>DISPOSITION</u>

The judgment is affirmed.


CHOU, J.


5

WE CONCUR.


SIMONS, Acting P. J.

BURNS, J.



A171777/ *People v. Melvin*